# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JEFFREY A. BURDETT**
**United States Army, Appellant**

ARMY 20110013

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Julie A. Glascott, JA; Captain Daniel H. Karna, JA (on brief).

31 October 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of failure to obey an order, one specification of aggravated sexual contact with a child, and one specification of indecent liberty with a child, in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920 (2006 & Supp. II 2008) [hereinafter UCMJ]. Contrary to his pleas, the court-martial convicted appellant of rape of a child and another specification of aggravated sexual contact with a child in violation of Article 120, UCMJ.[*]  Appellant was sentenced to a dishonorable discharge and

---

[*] Appellant was acquitted of attempted sodomy of a child, two separate specifications of aggravated sexual contact with a child, and forcible sodomy on a child.

BURDETT—ARMY 20110013

confinement for twelve years. The convening authority approved the sentence as adjudged.

This case is before the court for review under Article 66, UCMJ. Appellant assigns two errors and personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Appellant asserts that the evidence is legally and factually insufficient to support his conviction under Specification 2 of Charge III for aggravated sexual contact with a child. The government concedes that, at the least, the evidence is factually insufficient to support that conviction. We agree with that aspect of appellant's assertion and the government concession and we find the evidence factually insufficient to support appellant's conviction of Specification 2 of Charge III. *See United States v. Turner*, 25 M.J. 324 (C.M.A. 1987). Under *United States v. Sales*, we do not consider the situation warrants a rehearing but rather we are confident that we can reassess the sentence. *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

On consideration of the entire record, the parties' briefs and those matters raised by appellant pursuant to *Grostefon*, we disapprove the finding of guilty as to Specification 2 of Charge III and find the remaining findings of guilty correct in law and fact. Accordingly, Specification 2 of Charge III is dismissed; the remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, in conjunction with the exercise of our responsibility under Article 66(c), UCMJ, the court approves only so much of the sentence as provides for a bad-conduct discharge and ten years' confinement.

Senior Judge YOB and Judge BURTON concur.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

2